HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IRMA REED, | |
| Plaintiff, | Case No. C09-5610RBL |
| v. | ORDER |
| PACIFIC CYCLE INC. and WAL-MART STORES, INC., | |
| Defendants. | |

THIS MATTER is before the Court on Plaintiff's Motion to Remand this action to Kitsap County Superior Court [Dkt. #13]. For the reasons below, the Motion to Remand is **GRANTED**. Plaintiff's request for attorney fees is **DENIED**.

Under 28 U.S.C. § 1441(a), a "civil action brought in a State court" may be removed to a district court of the United States if the district court of the United States has original jurisdiction. A defendant must file a notice of removal within thirty days of the defendant's receipt of the initial complaint. 28 U.S.C. § 1446(b).

Under Washington State Superior Court Civil Rule 3, "a civil action is commenced by service of a copy of a summons together with a copy of a complaint." *See also* RCW 4.16.170. This somewhat unusual rule allows an action "to be brought in a [Washington] State court" before the complaint is actually filed in that court.

Plaintiff served a copy of the summons and complaint on each Defendant on June 30, 2009. By

ORDER
Page - 1

August 23, 2009, Defendant Pacific Cycle was aware that the Plaintiff sought more than $75,000 in damages. By August 25, 2009, Defendant Wal-Mart was made aware of the Plaintiff's damage claim. Plaintiff filed her complaint in state court on September 21, 2009. The Defendants' Notice of Removal was not filed until September 30, 2009 - less than 30 days after the complaint was filed, but more than 30 days after each Defendant learned that the amount in controversy exceeded the jurisdictional amount.

Plaintiff's Motion to Remand is based on her claim that the Notice of Removal was untimely. Defendant claims that the thirty day period begins only when the plaintiff files the complaint in court. In *Schneehagen v. Spangle*, 975 F. Supp. 973 (S.D. Tex. 1997), the court held that the removal period is not triggered by the receipt of a "courtesy copy" of a proposed complaint. *Spangle*, 975 F. Supp. at 973-74. However, in Washington State, the service of summons and complaint "commences" a civil action. Actual service of process is not akin to mailing a courtesy copy, instead it is the formal commencement of the action.

For these reasons, the rationale of *Spangle* does not apply. The Notice of Removal was not timely, despite the fact that the Plaintiff had not yet filed her complaint in state court. The Motion to Remand is **GRANTED.** Plaintiff's request for fees is **DENIED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address. The Clerk is further directed to send a certified copy of this Order to the Clerk of the Court for Kitsap County Superior Court.

**IT IS SO ORDERED.**

Dated this 28th day of December, 2009.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE